

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0176-10

### MARK DERICHSWEILER, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SECOND COURT OF APPEALS
### DENTON COUNTY

**KELLER, P.J., filed a concurring opinion.**

I think the Court misconstrues the opinion of the court of appeals. The Court believes that the crux of that opinion is whether the officer had reasonable suspicion with respect to a specific penal code offense. That is an interesting issue, but it is not in the case, and it was not the issue that was briefed by the parties.

Before making a stop, an officer must have reasonable suspicion that a person "is, has been, or soon will be" engaged in criminal activity.[1] The court of appeals cites that proposition correctly,[2]

---

[1] *Crain v. State,* 315 S.W.3d 43, 52 (Tex. Crim. App. 2010); *Ford v. State*, 158 S.W.3d 488 492 (Tex. Crim. App. 2005). *See also Terry v. Ohio*, 392 U.S. 1, 27-28 (1968) (Officer's conduct

but the gist of its opinion is that there must be reasonable suspicion that a person actually "is" engaged in illegal activity.[3] Here, there was instead reasonable suspicion that appellant "soon would be" engaged in criminal activity. That is sufficient under the law.

Like the Court, I would reverse the judgment of the court of appeals. Because the Court analyzes an issue that is not before it, I join its judgment only.

FILED: January 26, 2011

PUBLISH

---

of stopping the suspects and conducting a patdown for weapons was reasonable at its inception and as conducted because he observed them acting in a manner "he took to be preface to a 'stick-up.'" That is, their actions were "consistent with [the officer's] hypothesis that these men were contemplating a daylight robbery."); *United States v. Sokolow*, 490 U.S. 1, 12 (Marshall, J., dissenting) ("The reasonable-suspicion standard is a derivation of the probable-cause command, applicable only to those brief detentions which fall short of being full-scale searches and seizures and which are necessitated by law enforcement exigencies such as the need to stop ongoing crimes, *to prevent imminent crimes*, and to protect law enforcement officers in highly charged situations.") (emphasis added).

[2] *Derichsweiler v. State*, 301 S.W.3d 803, 809 (Tex. App.–Fort Worth 2009).

[3] *Id.* at 811 (contrasting reasonable suspicion to believe that suspects were committing trespass because they were in a place "where they should not be" with present case in which the officer merely observed the suspect "circling two public parking lots at 8:00 p.m., an act which does not constitute criminal behavior" and concluding that "this is not a case in which the officer received information that a citizen informant witnessed criminal behavior").